IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BILLY N. HAMMOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 122-056 |
| | ) | |
| WARDEN GREGORY SAMPSON, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

## I.     BACKGROUND

On June 20, 2011, Petitioner was convicted of robbery pursuant to a guilty plea in the Superior Court of Richmond County and was sentenced to twenty years of imprisonment. (Doc. no. 1, p. 1 ("Petition").) Petitioner reports he did not pursue a direct appeal, but also writes, "I appealed to Judge Ms. Jolly, but appeal taking out U.S. mail." (Id. at 2, 10.)

On July 28, 2011, Petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.[1] See Hammock v. Strength, CV 111-112, doc. no. 1 (S.D.

_____

[1]The present action is Petitioner's third § 2254 petition. The Court takes judicial notice of the prior two petitions and any records previously provided by Petitioner in those cases. See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice

Ga. July 28, 2011) ("CV 111-112").  On September 12, 2011, United States District Judge

J. Randal Hall dismissed that petition as unexhausted because Petitioner had not filed a direct

appeal of his conviction or pursued collateral relief through a state habeas corpus petition at

that time.  See CV 111-112, doc. nos. 3, 7.

On September 14, 2011, Petitioner filed a state habeas petition in the Superior Court of

Butts County, which was transferred to the Superior Court of Muscogee County.  See Petition,

p. 6.  While that *state* action was pending in Muscogee County, Petitioner filed a second

§ 2254 petition in the Middle District of Georgia on June 10, 2014, which was transferred to

this Court.  See Hammock v. Hatcher, CV 114-136, doc. no. 1 (S.D. Ga. June 10, 2014) ("CV

114-136").  While that *federal* action was pending, the state habeas court in Muscogee County

denied the state habeas petition on September 10, 2014.[2]  Petition, pp. 6, 8-9, 11; CV 114-136,

doc. no. 11, pp. 6-10.  Then, on October 21, 2014, Judge Hall dismissed the federal petition as

still unexhausted because Plaintiff had not yet completed the state habeas process by applying

for a certificate of probable cause to appeal ("CPC") with the Georgia Supreme Court.  See

CV 114-136 doc. no. 9.  In the current petition, Petitioner states he attempted but failed to

appeal the state court's denial of his habeas petition, stating, "I appealed, but they take the U.S.

mail out of the circulation."  See Petition, pp. 6, 11.  Plaintiff provides no proof of any appeal

or CPC application.

---

of its records.").  However, the current petition still provides the Court with all necessary
information for the present review.

[2]Petitioner gives September 10, 2014, as the date his petition was denied, though the order
is dated September 5, 2014.  CV 114-136, doc. no. 11., p. 10.

Petitioner executed the instant federal habeas corpus petition on April 28, 2022, originally filing it in the Middle District of Georgia.  (Id. at 15.)  United States District Judge Tilman E. Self, III, transferred the petition to the Southern District of Georgia because Petitioner challenges convictions obtained in a superior court located within this District.  (Doc. no. 3.)  On May 23, 2022, the Court denied Petitioner's motion to proceed *in forma pauperis* ("IFP") and entered an order explaining Petitioner must pay the $5.00 filing fee within twenty-one days.  (Doc. no. 8.)  On June 14, 2022, the Court extended the fee deadline to July 5, 2022, and cautioned Petitioner failure to comply with the Court's order would result in dismissal.  (Doc. no. 10.)  Petitioner did not submit the filing fee, but he did write to the Court, "I sent the [IFP] back for the $5.00 filing fee." (Doc. no. 11.)

## II.   DISCUSSION

### A.   The Petition Should Be Dismissed for Failure to Comply with Court Order to Pay the Filing Fee

The time to respond to the Court's prior orders has expired, and Petitioner has not submitted the filing fee.  Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where

3

a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to pay the $5.00 filing fee evidences non-compliance with court orders and amounts to a failure to prosecute. The Court can make nothing of Petitioner's confusing response saying he "sent the [IFP] back for the $5 filing fee." The Court cautioned Petitioner that failure to pay the filing fee would result in a recommendation for dismissal. (See doc. no. 10, p. 2.) Furthermore, because Petitioner has not paid the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Dismissal for failure to comply with the Court's prior orders is appropriate.

**B.      Petitioner is Not Entitled to Relief Regardless**

Even if Petitioner had complied with the Court's orders and paid the filing fee, the petition is subject to dismissal pursuant to initial review because it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**1.      The Petition Should Be Dismissed as Time-Barred**

In the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

 (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court "becomes final at the 'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires."); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Regardless of his desire or purported attempt to file an appeal, Petitioner clearly states he did not file a direct appeal following his plea and sentencing on June 20, 2011. See Petition, p. 2; CV 111-112, doc. no. 1, p. 4; CV 114-136, doc. no. 1, p. 8. His conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of

appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on July 20, 2011.

Petitioner had one year from the date his conviction became final, July 20, 2011, to file his federal habeas corpus petition or take other action to toll the one-year limitations period. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). However, federal habeas petitions do not qualify as "other collateral review" under the statute. Smallwood v. Sec'y, Dep't of Corr., 178 F. App'x 944, 945 (11th Cir. 2006) (citing Duncan v. Walker, 533 U.S. 167, 181 (2001)). Because the pendency of Petitioner's first federal habeas petition had no tolling effect under § 2244(d)(2), by the time Petitioner filed his first state habeas petition on September 14, 2011, fifty-six days of his one-year statute of limitations had already elapsed.

The one-year clock was then tolled throughout the state habeas corpus proceedings. The state habeas court issued its ruling denying relief in September 2014, but Petitioner failed to properly file his CPC application with the Georgia Supreme Court within the thirty days allowed by O.C.G.A. 9-14-52(b). Nowhere does Petitioner actually allege he filed a CPC application. He only states he appealed the ruling but provides no copies of his alleged appeal. Even if the Court assumes Petitioner's attempted appeal was a CPC application, Petitioner admits whatever he mailed never reached wherever he mailed it. Thus, the face of the petition shows Petitioner did not timely file a CPC application with the Georgia Supreme Court.

Because the CPC application was not filed, let alone "properly filed" pursuant to § 2244(d), it had no tolling effect on the AEDPA statute of limitation. See Wade v. Battle,

379 F.3d 1254, 1262-64 (11th Cir. 2004); see also Clemons v. Comm'r, Ala. Dep't Corr., 967 F.3d 1231, 1240-41 (11th Cir. 2020) (explaining post-conviction filing not made in compliance with state procedural rules does not qualify for statutory tolling under § 2244). Thus, the tolling resulting from Petitioner's state habeas proceedings ended on October 10, 2014, the thirty-day deadline by which the CPC application was due to the Georgia Supreme Court pursuant to O.C.G.A. § 9-14-52(b). At that point, Petitioner had 309 days left on his one-year statute of limitations.

Petitioner then waited seven years and six months to file this federal habeas corpus petition on April 25, 2022, the date on which Petitioner declared under penalty of perjury he executed the federal petition and placed it in the prison mailing system.[3] Petition, p. 15. The petition was filed almost seven years after expiration of the one-year statute of limitation, so Petitioner's current federal challenge is time-barred and should be dismissed.

> **2.      The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

---

[3]Under the "prison mailbox rule," Petitioner's *pro se* filing is deemed filed on the date of delivery to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988); Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (*per curiam*).

Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' "  McQuiggin, 569 U.S. at 395 (emphasis added).

Here, Petitioner has not shown he satisfies the test for application of equitable tolling or that a miscarriage of justice will occur if his claims are not considered. Petitioner has not shown extraordinary circumstances stood in his way and that he has been pursuing his rights diligently. To the contrary, Petitioner offers no argument on timeliness in the portion of the petition reserved for such. Petition, pp. 13-14.

Nor has Petitioner shown a miscarriage of justice will occur if his claims are not considered. Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted based on his own plea such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, by pleading guilty, he admitted the facts forming the basis for his robbery conviction. And it appears from the stated grounds for relief and attachment to his petition that Petitioner is only alleging the Superior Court took too long to schedule him for trial after he filed a motion for a speedy trial. Petition, pp. 5, 7-8. Plaintiff pled guilty and never went to trial, and there are no allegations of new evidence or actual innocence. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of July, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9